IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO ALVARADO-COSME,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Defendant.** | **CIVIL. NO. 19-2082 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Petitioner Orlando Alvarado Cosme's ("Alvarado-Cosme" or "Petitioner") *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("*§ 2255 Motion*"). (Docket No. 1). The Court **DENIES** the § 2255 motion as untimely. No certificate of appealability shall issue because the *§ 2255 Motion* fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may still seek a certificate directly from the First Circuit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Criminal Case No. 15-cr-0217[1]

On March 26, 2015, a Grand Jury returned an Indictment charging Petitioner with the following two counts: Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) (Count 1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) and (2) (Count 2). (Docket No. 10). Specifically, Alvarado-Cosme was charged with knowingly and intentionally possessing with intent to distribute 100 or more marihuana plants *and* knowingly possessing a firearm (*i.e.* one (1) Glock 27 Pistol, Serial Number DZB-695, forty (40) .40 caliber bullets, eighty (80) 7.62 ammunition rounds, one (1) 9mm bullet, seventeen (17) .32 caliber bullets, one hundred (100) .22 caliber bullets as well as fifty (50) 410 shotgun shells), all in furtherance of a drug trafficking crime. Id.

On September 15, 2017, Petitioner filed a Waiver of Right to Trial by Jury and pled guilty to both counts pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(B). (Docket Nos. 92-93). A Change of Plea Hearing was held that same day before U.S. Magistrate Judge Hon. Marcos E. López. (Docket No. 95). On October 12, 2017, Magistrate Judge López issued a Report and Recommendation

---

[1] Any reference to a docket entry in this section will only refer to docket entries in Criminal Case No. 15-cr-0217.

advising the Hon. Carmen C. Cerezo to accept Petitioner's plea and that he be adjudged guilty as to all counts. (Docket No. 96 at 6). On October 31, 2017, Judge Cerezo adopted the Report and Recommendation and on February 15, 2018, Petitioner was sentenced to a 66-month imprisonment, namely 6 months for Count 1 and 60 months for Count 2. (Docket Nos. 98, 113 and 114).

### B. Civil Case No. 19-2082

On November 20, 2019, Petitioner filed a *pro se* § 2255 motion. (Docket No. 1). Therein, he alleges his counsel was ineffective because he failed to file an appeal: (1) regarding the denial of a motion to suppress in criminal case no. 15-cr-0217, and (2) stating that Petitioner was "actually innocent" of Count Two of the Indictment. (Docket Nos. 1 at 4; 1-1).

On May 11, 2020, the United States of America ("the Government") opposed the *§ 2255 Motion* ("*Response*"). (Docket No. 12). Generally, the Government argued that Petitioner's motion is untimely and addressed each allegation on the merits. Id.

## II. APPLICABLE LAW

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

> move the court which imposed the sentence to vacate, set aside or correct the sentence.

Furthermore, § 2255 establishes a **one-year period** to file a motion requesting relief pursuant to this statute. *See* 28 U.S.C. § 2255(f). This filing period begins to run from the latest of:

> (1) **the date on which the judgment of conviction becomes final**;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. (emphasis added).

### III. DISCUSSION

Alvarado-Cosme was sentenced on **February 15, 2018** and judgment was entered that same day. (Criminal Case No. 15-cr-00217, Docket Nos. 113-114). The record reflects that Petitioner **did not appeal this judgment**. When "appellate review is not sought, the judgment becomes 'a final judgment for habeas purposes once the deadline for filing a notice of appeal expire[s] **14 days later**.'" Valdez-Aponte v. United States, 2021 WL 1565299, at *2

Case 3:19-cv-02082-RAM   Document 13   Filed 11/30/21   Page 5 of 8

Civil No. 19-2082 (RAM)                                                5

(D.P.R. 2021) (quoting Reyes-Santana v. United States, 2017 WL 1321983, at *1 (D.P.R. 2017)) (emphasis added). *See also* Fed. R. App. P. 4(b)(1)(A) (establishing that a defendant in a criminal case must file their notice of appeal within fourteen (14) days of entry of the judgment). Thus, Petitioner's judgment of conviction became "final" for purposes of § 2255(f)(1) on **March 1, 2018** and a result, he had until **March 1, 2019** to file his § 2255 motion.

Pursuant to the prisoner mailbox rule, "a *pro se* prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999). Thus, applying this rule, Alvarado-Cosme signed and filed the present § 2255 motion on **November 6, 2019, more than a year and half after the judgment became final.** (Docket No. 1-1 at 7). Moreover, his § 2255 motion was received and filed by the Clerk's Office of the United States District Court for the District of Puerto Rico on November 20, 2019. (Docket No. 1).

Alvarado-Cosme's *§ 2255 Motion* evidently did not comply with the one-year filing period and thus his request is **untimely**. *See e.g.,* Lattimore v. Dubois, 311 F. 3d 46, 53-54 (1st Cir. 2002) (finding that a habeas petition filed one day late was time barred); *see also* Reyes-Rivera v. United States, 530 F.Supp.3d 189

(D.P.R. 2021) (finding untimely a *habeas* petition filed two days outside the applicable statute of limitations period).

The Court is aware that the one-year limitation is subject to equitable tolling on a "case-by-case basis." Dixon v. United States, 729 Fed. Appx. 16, 19 (1st Cir. 2018). However, petitioner carries the burden of showing there were circumstances in his case justifying equitable tolling. Id. Here, Petitioner has not proffered any sufficient grounds for such equitable tolling and the Court finds none. Alvarado-Cosme avers he only found out his counsel did not appeal the motion to suppress when another inmate at his same prison in Pensacola, Florida advised him to write to his attorney regarding the supposed "Direct Appeal." (Docket No. 1 at 12). But the Court agrees with the Government that Petitioner does not even include a date, approximate or otherwise, for when this other inmate suggested he reach out to his attorney. (Docket No. 12 at 5).

Likewise, the sentencing court informed Petitioner he had fourteen days to file an appeal after the entry of judgment if he understood his sentence was in violation of the law or was unreasonable. (Criminal Case No. 15-0217, Docket No. 169 at 15). It also informed him that if he was unable to pay an appeal, he could request leave to appeal as an indigent person and the Clerk of the Court would prepare and file an appeal on his behalf. Id. **Yet, the record does not reflect that a notice of appeal was ever**

**filed with the Court or that he requested the Clerk of the Court file one on his behalf.** Furthermore, the **only** communication Petitioner proffered where he asked his attorney about the status of the supposed direct appeal of his motion to suppress was a letter dated October 7, 2019, months after the statute of limitations period had elapsed. (Docket No. 1-2 at 2). Moreover, he failed to show he had reached out to his attorney before this letter, let alone within the one-year statute of limitations period. *See e.g.*, Reyes-Rivera, 530 F. Supp. 3d at 189 (finding that petitioner had not shown he was entitled to equitable tolling because although he seemingly attempted to contact his attorney on several occasions, "he fails to mention an approximate date of such attempts for purposes of showing an exercise of reasonable diligence within the one-year statute of limitations to file a timely § 2255 petition.") Alvarado-Cosme's lack of diligence makes 28 U.S.C. § 2255(f)(4) inapplicable and there is no justification for his failure to comply with the one-year period established in § 2255(f). **Thus, the pending § 2255 motion is time-barred.**

## VI. CONCLUSION

Based on the foregoing, Petitioner Orlando Alvarado-Cosme's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (Docket No. 1) is **DENIED** because it is untimely, and the Court need not address Petitioner's arguments on the merits. No certificate of appealability shall be

issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of November 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge